1  Robert J. Nelson (CSB No. 132797)
2  Nimish Desai (CSB No. 244953)
   Wilson M. Dunlavey (CSB No. 307719)
3  Amelia A. Haselkorn (CSB No. 339633)
   **LIEFF CABRASER HEIMANN &**
4  **BERNSTEIN, LLP**
   275 Battery Street, 29th Floor
5  San Francisco, CA  94111-3339
   Telephone: (415) 956.1000
6

7  A. Barry Cappello (CSB No. 037835)
   Leila J. Noël (CSB No. 114307)
8  Lawrence J. Conlan (CSB No. 221350)
   **CAPPELLO & NOËL LLP**
9  831 State Street
   Santa Barbara, CA 93101-3227
10 Telephone: (805)564-2444

11                                          Juli E. Farris (CSB No. 141716)
   Lynn Lincoln Sarko (*Pro Hac Vice*)       Matthew J. Preusch (CSB No. 298144)
12 **KELLER ROHRBACK L.L.P**.                **KELLER ROHRBACK L.L.P**.
   1201 Third Ave., Suite 3200               801 Garden Street, Suite 301
13 Seattle, WA 98101                         Santa Barbara, CA 93101
   Telephone: (206) 623-1900                 Telephone: (805) 456-1496
14

15

16 *Attorneys for Plaintiffs and the Class*

17                       **UNITED STATES DISTRICT COURT**

18                      **CENTRAL DISTRICT OF CALIFORNIA**

19                              **WESTERN DIVISION**

20 | GREY FOX, LLC, et al., | Case No.  2:16-cv-03157-PSG-JEM |

21              Plaintiffs,     **PLAINTIFFS' RESPONSE IN**
    v.                          **OPPOSITION TO PLAINS'**
22                              **MOTION FOR LEAVE TO FILE A**
    PLAINS ALL AMERICAN PIPELINE, **SUCCESSIVE MOTION FOR**
23  L.P. et al.,                **SUMMARY JUDGMENT**

24              Defendants.     Hearing Date: April 12, 2024
                                Time:         1:30 p.m.
25                              Judge:        Hon. Philip S. Gutierrez
                                Courtroom:    6A

# TABLE OF CONTENTS

Page

INTRODUCTION .................................................................................................... 1

BACKGROUND ...................................................................................................... 1

LEGAL STANDARD ............................................................................................... 2

ARGUMENT ............................................................................................................ 3

    I.    The Santa Barbara superior court's order is not an intervening change in controlling law. ................................................................ 3

    II.    The Santa Barbara superior court's order is not new evidence and does not expand the record here. ...................................................... 4

    III.    Plains has itself to blame for waiving arguments it now seeks to make. ............................................................................................. 5

CONCLUSION ......................................................................................................... 8

# INTRODUCTION

Plains' motion for leave to file a second summary judgment motion—well after the motion cut-off—should be denied. Serial summary judgment motions are disfavored, and to obtain leave, a party must show an intervening change in controlling law, the availability of new evidence or an expanded factual record, or the need to correct a clear error or prevent manifest injustice. Plains ignores this rigorous standard because Plains cannot meet it.

Plains asks this Court for permission to file a second summary judgment motion for two reasons. First, it seeks to attack Plaintiffs' claim for punitive damages, a claim that Plains has known about for eight years. The basis for its request is a state court decision in a case brought by the oil company Venoco Inc., in which Plains is also defendant, where summary judgment was granted to eliminate punitive damages. That case, of course, is not controlling, a summary judgment order in another case is not new evidence, and there is no clear error here because Plains never contested Plaintiffs' punitive damage theory.

Second, Plains now wants a second chance to attack Plaintiffs' evidence of critical elements of its claims regarding wrongful occupation (trespass), and loss of use (negligence), but, again, Plains has been well apprised of the elements of Plaintiffs' claims for eight years, and never moved to strike Plaintiffs' damages expert. If in hindsight Plains regrets that decision, it has only itself to blame for failing to move for summary judgment when it could have. Trial is less than three months away, fact discovery has long closed, and the dispositive motions deadline passed months ago. In short, litigants have to live with their tactical decisions.

Plains' motion should be denied.

# BACKGROUND

This Court's scheduling order requires that "[m]otions for summary judgment or partial summary judgment shall be filed as soon as practical, however, in *no event later than the motion cut-off date*." Dkt. 231 at 1 (emphasis

1 added). The "motion cut-off date" was December 15, 2023. Dkt. 229. Plains filed its motion for summary judgment on October 6, 2023. *See* Dkt. 251. On February 2, 2024, after the motion cut-off date, a Santa Barbara superior court issued a tentative ruling granting Plains' summary judgment motion, eliminating a claim for punitive damages brought by Venoco Inc. *See* Dkt. 288-8 (Segall Decl., Ex. 6). The superior court adopted its tentative ruling on February 5, 2024. Presumably, that ruling is appealable after judgment is entered in that case.

Now, one month after the superior court's ruling (*id.*), three months after the Court's motion cut-off date has passed (Dkt. 229), over eight months after the court's discovery cut-off date (*id.*), and a mere two months before the pretrial conference (Dkt. 263), Plains requests leave to file yet another motion for summary judgment. Plains' motion is in conflict with this Court's scheduling order and should be denied on that basis alone.

Once a Court has issued a scheduling order, it "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The party seeking amendment bears the burden of showing good cause. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). The good cause inquiry "primarily considers the diligence of the party seeking the amendment," and "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If that party was not diligent, the inquiry should end." *Id.* However, even if the moving party can show good cause, it must still demonstrate that a successive motion for summary judgment is warranted.

## LEGAL STANDARD

"Although successive motions for summary judgment are not categorically barred, they are generally disfavored in federal court." *AAA Flag & Banner Mfg. Co., Inc. v. Flynn Signs & Graphics, Inc.*, No. 09-2053, 2010 WL 11463632, at *2 (C.D. Cal. Mar. 15, 2010); *see also Allstate Fin. Corp. v. Zimmerman*, 296 F.2d

797, 799 (5th Cir. 1961) (Federal courts "do not approve in general the piecemeal consideration of successive motions for summary judgment, since defendants [ought to] be held to the requirement that they present their strongest case for summary judgment when the matter is first raised."). "To bring a successive summary judgment motion, a party typically must show '(1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; [or] (3) the need to correct a clear error or prevent manifest injustice.'" *Lopez v. Liberty Mut. Ins. Co.*, No. 14-5576, 2020 WL 13042575, at *2 (C.D. Cal. Oct. 20, 2020) (quoting *Brazill v. Cal. Northstate Coll. of Pharmacy, LLC*, No. 12-1218, 2013 WL 4500667, at *1 (E.D. Cal. Aug. 22, 2013)).

## ARGUMENT

### I. The Santa Barbara superior court's order is not an intervening change in controlling law.

Plains is noticeably silent about the appropriate legal standard, and for good reason: Plains cannot possibly establish that the Santa Barbara superior court's order against Venoco was "an intervening change in controlling law." *Lopez*, 2020 WL 13042575, at *2. The Santa Barbara superior court's order did not change any applicable law, let alone controlling law. That trial court order is still subject to appeal. As such, the law on punitive damages remains as it did prior to the superior court's order, and consequently Plains' request is unjustified. *See Sonner v. Schwabe N. Am., Inc.*, No. 15-01358, 2019 WL 7173149, at *3, *5 (C.D. Cal. Oct. 24, 2019).

In *Sonner*, defendants requested leave to file a second summary judgment motion to assert a new preemption defense, arguing that a recent Ninth Circuit ruling clarified existing preemption law. The district court denied the request because, while the case decided by the Ninth Circuit was factually "similar," the Ninth Circuit's ruling "did not significantly change applicable law." Accordingly,

1 | the district court found that there was "no basis for granting leave to file a second
2 | motion for summary judgment." *Id.* at *5.

3 |       Plains' motion is even weaker than the one presented in *Sonner*. There is no
4 | change in controlling law here. The superior court decision is neither published
5 | nor available for citation. *See* Cal. R. Ct. 8.1115. Nor are state court decisions
6 | controlling precedent in this federal district court. *Emps. Ins. of Wausau v. Granite*
7 | *State Ins. Co.*, 330 F.3d 1214, 1220 n.8 (9th Cir. 2003) (While federal courts "may
8 | consider unpublished state decisions," "such opinions have no precedential
9 | value."). Moreover, the question at issue in the lower court is not applicable here
10 | because its issuance is merely coincidental.

11 |       While Plaintiffs do not address the substance of Plains' underlying
12 | summary judgment motion, and the many substantive reasons it lacks merit, what
13 | is telling for purposes of this motion is that there is nothing in the superior court's
14 | ruling on which Plains actually relies, beyond the fact that it was issued after the
15 | deadline to file this motion had expired.[1] There is nothing in the proposed motion
16 | that could not have been addressed as part of Plains' prior motion. Plains' effort to
17 | use the state court opinion as a ticket to a second bite at the apple in this Court
18 | should not be condoned. *See Peasley v. Spearman*, No. 15-01769, 2017 WL
19 | 5451709, at *3 (N.D. Cal. Nov. 14, 2017) (denying defendants' successive motion
20 | for summary judgment because it was neither "based on new evidence or an
21 | expanded factual record," nor "based on an intervening change in controlling law
22 | or necessary to correct a clear error or prevent manifest injustice").

23 | **II.    The Santa Barbara superior court's order is not new evidence and does not expand the record here.**

24 |       A summary judgment ruling in one court, by definition, cannot expand the
25 | factual record in that court, or any other court, because it merely determines
26 | whether "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

---

[1] Plains' discussion of the state court's order is relegated to one short paragraph at the end of Section V.B. *See* Dkt. 288-4 (Segall Decl., Ex. 2) at 17–18.

56(a) (A court may only "grant summary judgment if . . . the movant is entitled to judgment as a matter of law."). Plains ignores this standard entirely.

Plains argues that the superior court conducted "careful analysis of the evidentiary record" submitted by Plains and the state court plaintiff when reviewing the timely filed motion for summary judgement entered in that case. As an initial matter, because neither Plaintiffs nor this Court participated in those proceedings, evaluation of the state court's analysis, the quality and scope of the evidentiary record presented, or the extent to which additional facts applicable to this case were missing from those presented there, is neither feasible nor appropriate.[2] Plains cannot force a do-over based on proceedings in another forum. But the quality of the state court's analysis is beside the point. Plains cannot convert an unpublished, non-binding decision from another court into admissible *evidence* in this case, nor has Plains cited any authority for such a proposition.

### III. Plains has itself to blame for waiving arguments it now seeks to make.

Plains does not and cannot argue that a successive summary judgment order is necessary to correct any clear error or correct a manifest injustice because none exists.

Plains essentially argues that it should be permitted to file a new motion for summary judgment on a punitive damages theory after the deadline, a theory it failed to raise in its prior motion, because it succeeded in making a similar argument that was timely submitted in a different case. But Plains made the strategic decision in this case not to challenge Plaintiffs' punitive damages theory and it has only itself to blame for having waived its opportunity to do so. Plains does not and cannot argue that this Court somehow committed clear error by not

---

[2] It would be premature to address all of the substantive and factual inadequacies of Plains' proposed summary judgment motion at this juncture. Plaintiffs reserve their right to do so, but note, for example, that the Venoco case did not address, and thus the superior court did not analyze, Plains' failed response, the hours-long delay after the oil spill occurred, or the extent to which this failure and others resulted in damage to the Grey Fox properties. *See* Dkt. 288-8 § 5.

rejecting the punitive damages claims, because Plains never sought to exclude them. Plains identifies no injustice and how could it? Plains has known since Plaintiffs filed this case in 2016 that Plaintiffs were pursuing punitive damages and made the strategic decision not to challenge that theory in its summary judgment motion. This Court should not indulge Plains' retrospective feeling of "buyers' remorse."

Plains also claims it should get to file a new motion for summary judgment as to Plaintiffs' loss of use damages. But it fails to explain credibly why it did not include this argument in its first summary judgment motion. At the time Plains filed its motion for summary judgment, it was fully aware that California law permits loss of use damages that are recoverable "while the repairs are being made" (Dkt. No. 251-1, "MSJ" at 15) and for the wrongful occupation or property "until the trespass is abated" (*id.* at 18), and that Plaintiffs asserted such damages. Plaintiffs' expert calculated the reasonable rental value of Grey Fox's property, which is the measure of damages for loss of use and Grey Fox has consistently maintained that Plains wrongfully occupied its property (trespass) and prevented the reasonable use of it (negligence, strict liability). Plains did not challenge the fact of occupation or the reasonable rental calculations. Indeed, Plains did not move to strike Dr. Bell's report. Instead, Plains made another strategic decision not to make the very arguments it now wishes to resuscitate. That is no basis for permitting a summary judgment motion on the eve of trial.

Accordingly, Plains can provide no explanation for "why it did not or was unable to seek the Court's ruling on [this matter] in its initial summary judgment motion." *San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, No. 18-967, 2020 WL 6685034, at *2 (S.D. Cal. Nov. 12, 2020) (denying leave); *see also AAA Flag & Banner Mfg. Co, Inc.*, 2010 WL 11463632, at *2 (denying leave where "[a]ll the evidence (or lack thereof) Defendants rely upon in their new motion was available to them prior to the time to file their first motion").

1       Finally, Plains inappropriately assumes that its successive summary
2  judgment motions would promote "the just, speedy, and inexpensive resolution of
3  this long-running litigation by 'narrowing the issues in contention.'" Dkt. 288-1
4  (Mot. for Leave) at 1. The opposite is true. The purpose of limiting parties to one
5  summary judgment motion is to "manage the limited resources of the [c]ourt's
6  time and attention" to "ensur[e] that the [c]ourt can devote adequate attention to
7  each of the matters before it." *Lopez*, 2020 WL 13042575, at *2 (citations
8  omitted). When viewed in this context, the instant motion for leave burdens rather
9  than relieves the Court's limited resources, because Plains ignores the legal
10 standard and asks this Court to allow it to advance arguments it knew or should
11 have known when it filed its one allotted motion.[3]

12      With trial less than two months away, Plains' motion comes far too late. If
13 Plains were granted leave to file a successive summary judgment motion, Grey
14 Fox's resources for trial preparation would necessarily be diverted to opposing
15 Plains' motion. Plaintiffs should not be faulted for Plains' tactical decision to file
16 its first motion for summary judgment on the tail end of the deadline; for failing to
17 move to strike Dr. Bell's opinion; and for failing to attack Plaintiffs' punitive
18 damages argument, which it has known about for eight years. *See Lopez*, 2020 WL
19 13042575, at *2 (denying leave to file a second motion for summary judgment
20 where the party "took a calculated risk").

21      Furthermore, Plains will not suffer any prejudice if its motion is denied.
22 Plains will presumably file post-verdict motions on the same issues regardless.
23 *Edwards Lifesciences Corp. v. Meril Life Scis. Pvt. Ltd.*, No. 19-06593, 2021 WL
24 4281336, at *2 (N.D. Cal. Sept. 21, 2021) ("[T]he Court finds little risk of
25 injustice or prejudice to Defendants since, if necessary, they may raise this

---

[3] Plains mistakenly assumes that its proposed second summary judgment motion is likely to narrow the issues in contention. *See* Dkt. 288-1 (Mot. for Leave) at 1. The same could be true of any successive summary judgment motion. That is not the relevant standard.

argument as a motion for judgment as a matter of law under Rule 50(b) of the Federal Rules of Civil Procedure.").

In short, permitting Plains to file another summary judgment motion is unlikely to streamline the trial and will only frustrate Rule 1's goal to secure a "just, speedy, and inexpensive determination." Fed. R. Civ. P. 1.

## **CONCLUSION**

For all of the above reasons, Plaintiffs respectfully request that the Court deny Plains' Motion for Leave to File a Successive Motion for Summary Judgment.

Dated: March 21, 2024

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By: */s/ Robert J. Nelson*

Robert J. Nelson (CSB No. 132797)
Nimish Desai (CSB No. 244953)
Wilson M. Dunlavey (CSB No. 307719)
Amelia A. Haselkorn (CSB No. 339633)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339

Juli Farris (CSB No. 141716)
Matthew J. Preusch (CSB No. 298144)
KELLER ROHRBACK L.L.P.
801 Garden Street, Suite 301
Santa Barbara, CA 93101

Lynn Lincoln Sarko, (Pro Hac Vice)
KELLER ROHRBACK L.L.P.
1201 Third Ave, Suite 3200
Seattle, WA 98101

A. Barry Cappello (CSB No. 037835)
Leila J. Noël (CSB No. 114307)
Lawrence J. Conlan (CSB No. 221350)
CAPPELLO & NOËL LLP

| | |
|---|---|
| 1 | 831 State Street |
| 2 | Santa Barbara, CA 93101-3227 |
| 3 | ***Attorneys for Plaintiffs*** |