A. Barry Cappello (CSB No. 037835)
Leila J. Noël (CSB No. 114307)
Lawrence J. Conlan (CSB No. 221350)
**CAPPELLO & NOËL LLP**
831 State Street
Santa Barbara, CA 93101-3227
Telephone: (805)564-2444

Robert J. Nelson (CSB No. 132797)
Nimish Desai (CSB No. 244953)
Wilson M. Dunlavey (CSB No. 307719)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956.1000

Lynn Lincoln Sarko (*Pro Hac Vice*)
**KELLER ROHRBACK L.L.P**.
1201 Third Ave., Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900

Juli E. Farris (CSB No. 141716)
Matthew J. Preusch (CSB No. 298144)
**KELLER ROHRBACK L.L.P**.
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Telephone: (805) 456-1496

*Attorneys for Individual and Representative Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GREY FOX, LLC, et al., <br><br> Plaintiffs, <br> v. <br><br> PLAINS ALL AMERICAN PIPELINE, L.P., et al., <br><br> Defendants. | Case No. 2:16-cv-03157-PSG-JEM <br><br> **PLAINTIFF GREY FOX, LLC'S** *EX PARTE* **APPLICATION FOR CONTINUANCE OF TRIAL DATE** |

## I. INTRODUCTION

Plaintiff submits this *ex parte* application under Local Rule 7-19 to continue the current June 6, 2024, trial date for the Grey Fox individual claims, to allow the Court to enter a ruling regarding Plains' recently lodged successive summary judgment motion. Good cause exists to grant the requested continuance because the Court's ruling on that motion may fundamentally change the June trial, for which the parties are currently preparing. Maintaining the current trial date would result in the unreasonable risk of duplication of efforts, rescheduling of witness testimony and travel arrangements, and prejudice to Plaintiff's trial preparation efforts. Plaintiff therefore requests that the Court continue the June 6, 2024 trial date by one month, to any convenient date after July 8, 2024 during the month of July, or thereafter in the month of September. Plaintiff expects the trial in this case, as currently alleged, to last approximately 7 court days. This application is accompanied by a proposed order granting such relief as well as the Declaration of A. Barry Cappello in Support of *Ex Parte* Application ("Cappello Decl."). Plaintiff has been prompt and diligent in seeking this relief.

Plaintiff seeks this relief by *ex parte* application because numerous pretrial deadlines have passed or are imminent, and the normal timeline for briefing and arguing a motion would be inadequate to protect Plaintiff from the potential duplication of efforts and prejudice that would result from maintaining the current trial date. Plaintiff is cognizant of this Court's order that *ex parte* requests should be reserved for extraordinary situations and used with discretion. Standing Order ¶ 11. However, Plaintiff will be irreparably prejudiced if this request is heard through a regularly noticed motion, because by that time nearly all pretrial work will have been completed and the parties will be preparing for the final pretrial conference on May 24. *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) (stating standard). Moreover, Plaintiff is without fault in creating this timing issue because the Court granted Plains' opposed motion to file a successive summary judgment motion just last week,

Dkt. 304, and Plaintiff only learned on Friday, April 12 that Plains would not stipulate to a continuance. Cappello Decl. ¶ 3.

Plaintiff's counsel made reasonable, good faith efforts by video meeting and email to advise Plains' counsel of the date and substance of this application. Cappello Decl. ¶¶ 2, 7. Plains opposes the relief this application. *Id.* ¶ 8.

The contact information for Plains' counsel is: Jordan Segall, (213) 683-9208, jordan.segall@mto.com, 350 South Grand Avenue, 50th Floor, Los Angeles, CA 90071-3426. *See* LR 7-19.

## II.   BACKGROUND

A jury trial between Plaintiff Grey Fox, LLC and the Plains Defendants had previously been set for trial on March 14, 2024. In November 2023, Plains moved for a continuance of the trial date on account of a conflict with overlapping trial schedules, and Plaintiff agreed not to oppose that motion. Dkt. 260 at 3. The Court granted that motion and continued the trial date to June 6, 2024. Dkt. 263.

In October 2023, Plains moved for partial summary judgment, Dkt. 251, which the Court granted in part and denied in part on January 9, 2024, Dkt. 285. On March 1, 2024, after the deadline for filing dispositive motions had passed, Plains moved for leave to file a successive motion for summary judgment (Dkt. 288), which Plaintiff opposed on March 21, 2024 (Dkt. 295), and which was fully briefed on March 29, 2024. Dkt. 299. On April 9, 2024, the Court granted Plains leave to file its successive summary judgment motion and set that motion for hearing on May 17, 2024. Dkt. 304.

In so doing, the Court found "that Plains' successive motion could foster an efficient resolution of the case and has the potential to mitigate the costs of litigation to the parties." *Id.* at 2. In particular, the Court reasoned that the motion "could potentially resolve Grey Fox's tort claims," and "[i]f punitive damages are no longer at issue, Plains would stipulate to tort liability resulting in a damages-only trial," emphasizing that "conducting a full trial on Grey Fox's tort claims would be a waste of the parties' and the Court's resources when the claims could be resolved without one." *Id.* at 2 & n.1.

## III. ARGUMENT

Federal Rule of Civil Procedure 16(b) provides that a scheduling order may be modified "by leave of court and upon a showing of good cause." Rule 16(b)'s "good cause" standard "primarily considers the diligence of the party seeking" to amend the schedule. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Although the Court may consider "the existence or degree of prejudice to the party opposing the modification," the "focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

Here, though Plaintiff appreciates the Court's strong interest in keeping trial dates and its disfavor of requests for continuances, Standing Order ¶ 13, good cause exists to continue the trial date. By May 17, 2024, when Plains' successive summary judgment motion is set for hearing, most of the pretrial deadlines will have passed.[1] The Parties' proposed Pretrial Conference Order is currently due on that same date, and the final pretrial conference is currently scheduled just one week later. Maintaining the current trial date would result in the unreasonable risk of duplicating efforts, increasing the time and expense required to prepare for trial, prejudicing Plaintiff's trial planning and preparation, and potentially burdening the Court with disputes on exhibits, deposition designations, and motions *in limine* that could become moot.

Even if the Court were to rule on the successive summary judgment motion by May 17, if that ruling materially impacts Plaintiff's tort claims or claim for punitive damages, Plaintiff would have less than three weeks before trial to not only review and update the foregoing materials but also revise and update its case strategy, planning, and preparation, including rescheduling witness appearances and travel arrangements. As such, proceeding with the successive summary judgment motion without continuing the trial date would not "mitigate the costs of litigation to the parties" or "foster an efficient resolution of the case" as was intended in granting leave to file the successive summary judgment motion,

---

[1] A table of the Parties' pretrial deadlines is provided in Appendix A.

1  Dkt. 304 at 2. Instead, it would lead to significant duplication of efforts and substantially
2  increase the time and expense required to prepare for trial.

3  Moreover, continuing the trial date would also provide Plains with the same
4  benefits of efficiency and avoid potential duplication of efforts as it would for Plaintiff.
5  Likewise, although Plains has indicated that it intends to oppose Plaintiff's request for a
6  continuance, it has given Plaintiff no reason for its opposition and has made no claim that
7  it would be prejudiced in any way by a continuance of the trial date. Indeed, Plains has
8  itself moved for a continuance of the trial date under circumstances where it claimed it
9  was "unable to effectively prepare for and participate in the trial of this matter" on the
10 date it was set for trial. *See* Dkt. 260 at 5. In this regard, it appears likely that Plains'
11 opposition to Plaintiff's request is motivated by strategic considerations, such as the
12 diversion of resources of Plaintiff's counsel in responding to Plain's successive summary
13 judgment motion as well as the potential that Plaintiff will have to significantly revise and
14 update its case strategy, planning, and preparation with less than three weeks before trial.

15 In such an event, Plaintiff would suffer substantial prejudice, as it bears the burden
16 of proof as to its claims, and it is therefore more likely to adversely impacted by last-
17 minute changes to the issues to be tried. For instance, in *Skillz Platform Inc. v. AviaGames*
18 *Inc.*, No. 21-CV-02436-BLF, 2023 WL 8189560 (N.D. Cal. Nov. 27, 2023), the court
19 granted a continuance of the trial date "to give counsel time to prepare for the trial in light
20 of [a] pending criminal investigation" that was related to the civil dispute, where the
21 moving party promptly "brought its motion to continue the trial one week after it was
22 notified about [a] Grand Jury subpoena" served on the opposing party. *Id.* at *2. In this
23 regard, the court reasoned that the opposing party "will not be substantially prejudiced by
24 a brief continuance of proceedings," and [t]he continuance will allow both parties more
25 time to prepare for trial". *Id.*

26 Finally, Plaintiff has been diligent in seeking to amend the case schedule. After the
27 Court granted Plains' motion for leave to file a successive summary judgment motion on
28 April 9, 2024, Plaintiff's counsel promptly reached out to counsel for Plains about the

1 | requested relief two days later. Cappello Decl. ¶ 2. On Friday, April 12, 2024, counsel for
2 | Plains stated that it would not stipulate to continuing the trial date, after which Plaintiff's
3 | counsel informed counsel for Plains on Monday, April 15, 2024, that it intended to file an
4 | *ex parte* application and asked whether Plains would oppose the relief sought. *Id.* ¶¶ 3, 7.
5 | On April 16, 2024, counsel for Plains stated that it would oppose the *ex parte* application,
6 | which Plaintiff's counsel filed the same day. *Id.* ¶ 8.

### IV.  CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that the Court grant its *ex parte* application and continue the June 6, 2024, trial date by one month, to any convenient date after July 8, 2024, during the month of July, or thereafter in the month of September.

DATED: April 16, 2024.          Respectfully submitted,

KELLER ROHRBACK L.L.P.

By: */s/ Matthew J. Preusch*
   Juli E. Farris (CSB No. 141716)
   Matthew J. Preusch (CSB No. 298144)
   KELLER ROHRBACK L.L.P.
   801 Garden Street, Suite 301
   Santa Barbara, CA 93101
   Telephone: (805) 456-1496
   Lynn L. Sarko, *(Pro Hac Vice)*
   KELLER ROHRBACK L.L.P.
   1201 Third Ave, Suite 3200
   Seattle, WA 98101
   Telephone: (206) 623-1900

   A. Barry Cappello (CSB No. 037835)
   Leila J. Noël (CSB No. 114307)
   Lawrence J. Conlan (CSB No. 221350)
   CAPPELLO & NOËL LLP
   831 State Street
   Santa Barbara, CA 93101-3227
   Telephone: (805)564-2444

| | |
|---|---|
| 1 | |
| 2 | Robert J. Nelson (CSB No. 132797) |
| 3 | Nimish Desai (CSB No. 244953) |
|   | Wilson M. Dunlavey (CSB No. 307719) |
| 4 | LIEFF CABRASER HEIMANN & |
|   | BERNSTEIN, LLP |
| 5 | 275 Battery Street, 29th Floor |
| 6 | San Francisco, CA  94111-3339 |
|   | Telephone: (415) 956-1000 |
| 7 | |
| 8 | *Attorneys for Individual and Representative Plaintiffs* |

**Appendix A: Current Pretrial Deadlines**

| Date | Pretrial Deadline |
|---|---|
| April 9, 2024 | Parties exchange preliminary witness lists |
| April 12, 2024 | Meeting of counsel pursuant to Local Rule 16-2 |
| April 17, 2024 | Parties exchange exhibit lists |
| April 19, 2024 | Parties produce any documents on exhibit lists not previously produced |
| April 19, 2024 | Parties exchange deposition designations |
| April 22, 2024 | Parties file Motions in Limine |
| April 29, 2024 | Parties exchange objections to exhibit list |
| April 29, 2024 | Parties exchange deposition counter-designations and objections |
| May 2, 2024 | Plaintiff serves proposed jury instructions and special verdict forms |
| May 3, 2024 | Parties file joint exhibit list |
| May 3, 2024 | Parties file joint witness list |
| May 3, 2024 | Parties file memoranda of contentions of fact and law |
| May 6, 2024 | Parties exchange objections to deposition counter-designations |
| May 9, 2024 | Defendants serve objections to Plaintiff's jury instructions along with any additional instructions Defendants intend to offer |
| May 13, 2024 | Parties file oppositions to Motions in Limine |
| May 16, 2024 | Plaintiff serves objections to Defendant's jury instructions |
| May 16, 2024 | Parties meet and confer regarding proposed jury instructions |
| May 17, 2024 | Deadline to lodge proposed Pretrial Conference Order |
| May 21, 2024 | Parties file joint set of jury instructions on which there is agreement and/or separate proposed instructions |
| May 24, 2024 | Final pretrial conference |
| May 27, 2024 | Parties meet and confer regarding stipulations as to foundation, waiver for best evidence rule, and exhibits for beginning of trial |
| May 27, 2024 | Parties file replies in support of Motions in Limine |
| May 30, 2024 | Parties submit proposed voir dire questions |
| May 30, 2024 | Parties file joint statement of the case |

# CERTIFICATE OF SERVICE

I, Matthew J. Preusch, hereby certify that on April 16, 2024, I caused Plaintiff Grey Fox, LLC's *Ex Parte* Application for Continuance of Trial Date to be filed with the Clerk of the United States District Court for the Central District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

Per this Court's Rule, I caused service of this e*x parte* application via facsimile, and electronic mail as a courtesy, on the following counsel of record.

> Henry Weissman, henry.weissmann@mto.com
> Daniel B. Levin, daniel.levin@mto.com
> Jordan D. Segall, jordan.segall@mto.com
> Maggie Thompson, maggie.thompson@mto.com
> MUNGER, TOLLES & OLSON LLP
> Facsimile: (213) 687-3702

*/s/ Matthew J. Preusch*
Matthew J. Preusch