| | |
|---|---|
| A. Barry Cappello (CSB No. 037835) | |
| Leila J. Noël (CSB No. 114307) | |
| Lawrence J. Conlan (CSB No. 221350) | |
| **CAPPELLO & NOËL LLP** | |
| 831 State Street | |
| Santa Barbara, CA 93101-3227 | |
| Telephone: (805)564-2444 | |
| | |
| Robert J. Nelson (CSB No. 132797) | |
| Nimish Desai (CSB No. 244953) | |
| Wilson M. Dunlavey (CSB No. 307719) | |
| **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP** | |
| 275 Battery Street, 29th Floor | |
| San Francisco, CA 94111-3339 | |
| Telephone: (415) 956.1000 | |

| | |
|---|---|
| Lynn Lincoln Sarko (*Pro Hac Vice*) | Juli E. Farris (CSB No. 141716) |
| **KELLER ROHRBACK L.L.P**. | Matthew J. Preusch (CSB No. 298144) |
| 1201 Third Ave., Suite 3200 | **KELLER ROHRBACK L.L.P.** |
| Seattle, WA 98101 | 801 Garden Street, Suite 301 |
| Telephone: (206) 623-1900 | Santa Barbara, CA 93101 |
| | Telephone: (805) 456-1496 |

*Attorneys for Individual and Representative Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREY FOX, LLC, et al., | Case No. 2:16-cv-03157-PSG-JEM |
| Plaintiffs, | **PLAINTIFF GREY FOX'S MOTION IN LIMINE NO. 2: EXCLUDE EVIDENCE OR ARGUMENT ABOUT *VENOCO* PUNITIVE DAMAGES RULING** |
| v. | |
| PLAINS ALL AMERICAN PIPELINE, L.P. et al., | |
| Defendants. | Trial Date: June 6, 2024 |
| | Judge: Hon. Philip S. Gutierrez |

Plaintiff respectfully moves the Court for an Order excluding any reference, argument, or evidence at trial related to the punitive damages ruling in *Eugene Davis, et al. v. Plains Pipeline LP, et al*, Dkt. 307-3, Exh. 24 (the "*Venoco* Order"), and the fact that this motion in limine was filed and/or granted. The state court ruling is hearsay, Fed. R. Evid. 802; it is not relevant to any issue the jury must decide, Fed. R. Evid. 402; and allowing evidence and argument concerning this ruling will lead to unnecessary prejudice, confusion, misleading the jury, undue delay, and wasted time. Fed. R. Evid. 403.

## I.   LEGAL STANDARD

The Court has broad discretion to manage the conduct of a trial and the evidence presented by the parties. *Navellier v. Sletten*, 262 F.3d 923, 941–42 (9th Cir. 2001). A motion *in limine* is a pretrial procedural tool courts may use to limit evidence, testimony, or argument that the jury may hear. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). A motion in limine is not restricted to evidentiary matters and may be used to prevent unwanted behaviors at trial, challenge evidence or practices that might be confusing to the jury, or to maintain the status quo at trial until the court can decide a disputed matter. For example, the motion may be used to prohibit reference to matters during *voir dire*, to prevent a party or witness from engaging in expected bad behaviors or demonstrations, or to prevent the jury from hearing objectionable questions and statements, the prejudicial effect of which might not be cured by a court's admonishment or limiting instruction. The court may order a party and its counsel not to mention the fact a motion *in limine* was filed or granted. Stephen E. Arthur & Robert S. Hunter, *Federal Trial Handbook: Civil* § 7:4 (4th ed. 2019).

## II.   ARGUMENT

As an initial matter, the *Venoco* Order is not on Plains' preliminary exhibit list disclosed to Plaintiff on April 17, 2024. Thus, it does not appear Plains has any intention of introducing this order into evidence or arguing to the jury about it; nonetheless, perhaps for tactical reasons, it has not agreed to the relief that this Motion seeks, necessitating this Motion.

Assuming Plains does intend to introduce argument and evidence about the *Venoco* Order, either during *voir dire* or after a jury is seated, this Court should exclude it. The order is hearsay, it is inadmissible under Fed. R. Evid. 402 and, even if relevant, its probative value is substantially outweighed by the risk of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

*First*, the Order is not relevant to the issues the jury must decide. A Court's pretrial ruling, as a matter of law, based on evidence offered in opposition to summary judgment by another party who is not part of this litigation is not probative of the facts this jury will be asked to resolve based on the evidence Plaintiff provides at this trial.

*Second*, to the extent Plains seeks to introduce the *Venoco* Order to provide it did not act in a way that subjects it to punitive damages, it is hearsay. *See United States v. Boulware*, 384 F.3d 794, 806 (9th Cir. 2004) ("A prior judgment is therefore hearsay to the extent that it is offered to prove the truth of the matters asserted in the judgment. A prior judgment is not hearsay, however, to the extent that it is offered as legally operative verbal conduct that determined the rights and duties of the parties."). Moreover, the order is not subject to any of the exceptions in Federal Rule of Evidence 803.

*Third* and finally, even if relevant and not hearsay, the *Venoco* Order is substantially more prejudicial, confusing, misleading, confusing, and wasteful than it is probative under Fed. R. Evid. 403. *See United States v. Olano*, 62 F.3d 1180, 1204 (9th Cir. 1995) ("[T]rial courts have very broad discretion in applying Rule 403[.]") (alteration in original) (quoting *Borunda v. Richmond*, 885 F.2d 1384, 1388 (9th Cir. 1988)). Here, presenting an order from another court as evidence—rather than establishing that it resolves an issue under the doctrine of collateral estoppel[1]—would likely confuse jurors by suggesting a key issue that they must resolve (should Plains be subject to punitive damages) has already been resolved by a court.

---

[1] Plains cannot show that the elements of collateral estoppel are met here. *See Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012) (stating four-part test).

### III. CONCLUSION

For the reasons stated above, Plaintiff Grey Fox respectfully requests that the Court grant this motion *in limine* excluding any reference at trial, including *voir dire*, to *Venoco* Order, and the fact that this motion was filed and/or granted.

DATED: April 22, 2024.  Respectfully submitted,

KELLER ROHRBACK L.L.P.

By: */s/ Matthew J. Preusch*
  Juli E. Farris (CSB No. 141716)
  Matthew J. Preusch (CSB No. 298144)
  KELLER ROHRBACK L.L.P.
  801 Garden Street, Suite 301
  Santa Barbara, CA 93101
  Telephone: (805) 456-1496

  Lynn L. Sarko, *(Pro Hac Vice)*
  KELLER ROHRBACK L.L.P.
  1201 Third Ave, Suite 3200
  Seattle, WA 98101

  A. Barry Cappello (CSB No. 037835)
  Leila J. Noël (CSB No. 114307)
  Lawrence J. Conlan (CSB No. 221350)
  CAPPELLO & NOËL LLP
  831 State Street
  Santa Barbara, CA 93101-3227

  Robert J. Nelson (CSB No. 132797)
  Nimish Desai (CSB No. 244953)
  Wilson M. Dunlavey (CSB No. 307719)
  LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP
  275 Battery Street, 29th Floor
  San Francisco, CA  94111-3339

  ***Attorneys for Individual and Representative Plaintiffs***

# CERTIFICATE OF SERVICE

I, hereby certify that on April 22, 2024, I electronically filed **Plaintiff Grey Fox's MIL No. 2: Exclude Evidence or Argument about *Venoco* Punitive Damages Ruling** with the Clerk of the United States District Court for the Central District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

*/s/ Matthew J. Preusch*
Mathew J. Preusch
Keller Rohrback L.L.P.