1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| GREY FOX, LLC, et al.,<br><br>                Plaintiffs,<br>v.<br>PLAINS ALL AMERICAN PIPELINE, L.P. et al.,<br><br>                Defendants. | Case No. 2:16-cv-03157-PSG-JEM<br><br>[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT [303]<br><br>Judge:     Hon. Philip S. Gutierrez<br>Courtroom:  6A |

Plaintiffs Grey Fox, LLC; MAZ Properties, Inc.; Bean Blossom, LLC; Winter Hawk, LLC; Mark Tautrim, Trustee of the Mark Tautrim Revocable Trust; and Denise McNutt ("Class Representatives" or "Plaintiffs"), on behalf of themselves and the Court-certified Settlement Class; (2) the entity currently known as Pacific Pipeline Company ("PPC"), a defendant in the Action; and (3) Sable Offshore Corp., a Delaware corporation ("Sable," and collectively with PPC, "Settling Parties"), have reached a proposed settlement of the PPC Claims,[1] which is embodied in the Settlement Agreement filed with the Court.

The Class Representatives have applied to the Court for preliminary approval of the proposed Settlement of the Action, the terms and conditions of which are set forth in the Settlement Agreement.

Having reviewed and considered the Settlement Agreement and the Motion for Preliminary Settlement Approval, the Court grants preliminary approval to the Settlement and further orders as follows.

**A.     Preliminary Approval**

1.     The capitalized terms used in this Order Granting Preliminary Approval of Proposed Settlement have the same meaning as defined in the Settlement Agreement.

2.     This Court has personal jurisdiction over Plaintiffs, all Settlement Class Members, and the Settling Parties, and the Court has subject matter jurisdiction to approve and enforce this Settlement and Settlement Agreement and all Exhibits thereto.

3.     Pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, the Court preliminarily approves the Settlement and finds that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and

---

[1] PPC Claims means Plaintiffs' First, Second, Third, Tenth, and Fifteenth Claims in Plaintiffs' Corrected Second Amended Complaint, Dkt. 108-1. *See* Dkts. 214, 218.

adequate to Class Members, subject to further consideration at the Fairness Hearing (described below).

4. The Court hereby provisionally certifies, for settlement purposes only, a Settlement Class, pursuant to Rules 23(b)(3) and 23(e), consisting of

> All owners of real property, other than those excluded in Paragraph 3.2 of the Agreement, through which Line 901 and/or Line 903 passes pursuant to Right-of-Way Grants, and the owner(s) of APN No. 133-070-004, for which land rights were initially conveyed via condemnation rather than through a Right-of-Way Grant, other than those Persons excluded in Paragraph 3.2. The real property parcels through which Line 901 and/or Line 903 passes, as described above, are set forth in Exhibit A. For avoidance of doubt, the Settlement Class includes the classes and subclass certified by the Court's January 28, 2020, and November 1, 2023 orders in their entirety, as well as any other Persons (if any such other Persons exist) included in the definition in this Paragraph.

The following entities and individuals are excluded from the Settlement Class:

    a. Class Counsel;

    b. Settling Parties and Settling Parties' officers, directors, employees, agents, and representatives;

    c. Settling Parties' Affiliates, and Settling Parties' Affiliates' officers, officers, directors, employees, agents, and representatives;

    d. any fossil fuel company;

    e. any government entity or division; and

    f. the judges who have presided over this Action.

5. The Court hereby preliminarily approves the Settlement Agreement and the terms embodied therein pursuant to Rule 23(e). In connection therewith, the Court finds as follows:

    a. the Court will likely be able to approve the Settlement Agreement under Rule 23(e)(2) and to certify the Settlement Class for purposes of judgment on the proposed Settlement;

   b. the Settlement is sufficiently fair, reasonable, and adequate as to the Settlement Class Members under the relevant considerations to warrant sending notice of the Settlement to the Settlement Class;

   c. the proposed Settlement Class Representatives and proposed Settlement Class Counsel have adequately represented, and will continue to adequately represent, the Settlement Class;

   d. the Class Action Agreement is the product of arm's length negotiations by the Parties and comes after adequate investigation of the facts and legal issues;

   e. the relief provided to the Settlement Class is fair, reasonable, and adequate taking into account, *inter alia*, the costs, risks, and delay of trial and appeal, and the proposed method of allocating compensation to the Settlement Class;

   f. the Settlement Agreement treats the Settlement Class Members equitably relative to one another; and

   g. the Settlement Class Counsel's proposed request for Attorneys' Fees—up to 33% of the Settlement Amount—appears reasonable and creates no reason not to direct notice to the Settlement Class, especially because any motion for such award must be filed before the deadline to object to the Settlement.

  6. The Court further finds that, for settlement purposes only, the Settlement Class, as defined above, meets the requirements for class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3). Specifically, the Court finds, for settlement purposes only, that (1) the Settlement Class Members are sufficiently numerous such that joinder is impracticable; (2) there are questions of law and fact common to Settlement Class Members; (3) proposed Settlement Class Representatives' claims are typical of those of the Settlement Class Members; (4) proposed Settlement Class Representatives and Settlement Class Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the

interests of the Settlement Class Members; and (5) the predominance and superiority requirements of Rule 23(b)(3) are satisfied. Further, the Court previously certified substantially identical classes for litigation purposes. Dkt. Nos. 100 (First, Second, and Tenth Claims) and 258 (Fifteenth Claim).

7. The Court appoints Plaintiffs as Settlement Class Representatives to represent the Settlement Class.

8. The Court appoints as Settlement Class Counsel Robert Nelson of Lieff Cabraser Heimann & Bernstein, LLP; Juli Farris of Keller Rohrback LLP; and A. Barry Cappello of Cappello & Noël, LLP.

9. The Court appoints JND Legal Administration as Settlement Administrator and directs it to carry out all duties and responsibilities of the Settlement Administrator as specified in the Settlement Agreement Section VI (B) and herein.

10. Consideration of the Plan of Allocation, any application for Attorneys' Fees and Expenses and any objections thereto, any application for Service Awards and any objections thereto, shall be separate from consideration of whether the proposed Settlement should be approved, and the Court's rulings on each motion or application shall be embodied in a separate order.

11. Unless they submit a timely and valid exclusion, during the pendency of the Settlement approval process, Settlement Class Members are preliminarily enjoined from (i) filing, commencing, prosecuting, continuing, or intervening in or participating as a plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to this Action or the Released Claims; (ii) filing, commencing or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any Settlement Class Members who

have not timely excluded themselves (including by seeking to amend a pending Complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action of the facts and circumstances giving rise to this Action or the Released Claims; and (iii) attempting to effect Opt Outs of individuals or a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to this Action or the Released Claims. This Order does not prevent Settlement Class Members from participating in any action or investigation initiated by a state or federal agency. If the Settlement is terminated pursuant to Section 14.2 of the Settlement Agreement, the above preliminary injunctions shall be lifted.

12. Plaintiffs shall establish a Qualified Settlement Fund within five (5) calendar days of the Court's entry of preliminary approval of the Settlement. The $70 million payable by Sable pursuant to the parties' Settlement Agreement will be deposited into a Qualified Settlement Fund, in the manner described in Section 6.2 of the Settlement Agreement, and the fund shall be administered pursuant to that Section.

**B.  Notice Plan**

13. Pursuant to Rule 23(e)(1) and Rules 23(c)(2)(A) and 23(c)(2)(B), the Court finds that the Parties' plan for providing Notice to the Class, which includes direct notice to the Settlement Class members via mail (long-form Notice) and e-mail (email Notice) to the extent practicable, publication notice in periodicals that cover news in the towns and communities through which the easement properties exist, the establishment of a Settlement Website, and the establishment of an automated toll-free telephone number is (a) reasonable and constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice; (b) reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of this litigation and

of their right to object to or exclude themselves from the proposed Settlement; and (c) meets all applicable law, including the requirements of the Federal Rules of Civil Procedure and the United States Constitution.

14. The Court approves, as to form and content, the class notices attached as Exhibits C, D, and E to the Agreement and Exhibits B, C, and D to the Declaration of Gina Intrepido-Bowden In Support of Motion for Preliminary Approval of Class Action Settlement and Direction of Notice ("Intrepido-Bowden Declaration"). The Parties may make non-material changes to the proposed Notice plan, including the form and content of the Notice, without seeking further approval of the Court.

15. The Court directs the Settlement Administrator and the Parties to implement Notice as soon as practicable in accordance with the provisions of the Settlement Agreement, Section VI (B), after entry of this Preliminary Approval Order, specifically:

    a. As soon as practicable, the Settlement Administrator will create and maintain a Settlement Website, which will contain, among other things, the Notice and documents related to the Settlement at www.LasFloresPipelineSystemSettlement.com.

    b. Within ten (10) days of the Court's entry of this Preliminary Approval Order, the Settlement Administrator shall cause the Short-Form Notice and Long-Form Notice to be published the Settlement Website for this case. The Long-Form Notice shall be substantially in the form attached to the Settlement Agreement as Exhibit C. The Short-Form Notice shall be substantially in the form attached to the Settlement Agreement as Exhibit D.

    c. Within thirty (30) days of the Court's entry of this Preliminary Approval Order, the Settlement Administrator will complete direct notice to the Class by mailing the Long-Form Notice to all or substantially all Class Properties, and

transmitting the Email Notice to all available email addresses. The Email Notice shall be substantially in the form attached to the Settlement Agreement as Exhibit E.

d.     Within thirty (30) days of the Court's entry of this Preliminary Approval Order, the Settlement Administrator shall cause the Newspaper Notice and the Digital Ad Banner to be published substantially in the form attached to the Intrepido-Bowden Declaration as Exhibits C and D. The Settlement Administrator shall run Publication Notice for two weeks.

e.     Not later than sixty five (65) days following the entry of this Preliminary Approval Order, the Settlement Administrator shall file with the Court declarations attesting to compliance with this paragraph 15.

16.    The Court approves the proposed Notice plan set forth in the Motion. All reasonable and necessary costs incurred by the Settlement Administrator will be paid exclusively out of the Settlement Fund consistent with the terms of the Settlement Agreement.

### C.    Opt-Out and Objection Procedures

17.    Settlement Class Members may exclude themselves from the Settlement Class by submitting an appropriate, timely request for exclusion via certified or registered mail, postmarked no later than forty-five (45) days after the Notice Date, to the Settlement Administrator at the address on the Notice and to Class Counsel at the email address on the Notice.

18.    Any Settlement Class Member who does not opt out will be bound by all proceedings, orders, and judgments in this action, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

19.    Upon the Settlement Administrator and Class Counsel's receipt of a timely and valid exclusion request, the Settlement Class Member shall be deemed excluded from the Settlement Class and shall not be entitled to any benefits of this

Settlement. A Settlement Class Member may request to be excluded from the Settlement only on the Settlement Class Member's own behalf; a Settlement Class Member may not request that other Settlement Class Members (or a group or subclass of Settlement Cass Members) be excluded from the Settlement. The Settlement Administrator shall report to the Parties on a daily basis the names of all Settlement Class Members who have submitted a request for exclusion and provide copies of any and all written requests for exclusion. The Settlement Administrator shall provide a list of all Settlement Class Members who have submitted a request for exclusion to Class Counsel no later than seven (7) days after the opt out deadline, and then file with the Court no later than ten (10) days prior to the Fairness Hearing the list of all Settlement Class Members who have submitted a request for exclusion along with an affidavit attesting to the completeness and accuracy thereof.

20. Any Settlement Class Member who has not submitted a written request for exclusion from the Settlement Class as set forth herein may object to the Settlement Agreement, any application for Attorneys' Fees and Expenses, any application for service awards, and/or the Plan of Allocation submitted by Class Counsel. To be considered valid, an objection must be filed with the Court and served on all counsel listed in paragraph 27, below, no later than twenty-five (25) days before the Fairness Hearing, and include a detailed statement of the specific objections being made and the basis for those objections. In addition to the statement, the objecting Class Member must include the following information: (a) the case name and number, *Grey Fox, LLC et al. v. Plains All American Pipeline, L.P. et al.*, Case No. 16-cv-03157 PSG (JEM) (C.D. Cal.); (b) the objecting Class Member's full name, address, and telephone number; (c) information sufficient to identify, in full, the objector's impacted Property or Properties; (d) a statement of the objection(s), including all factual and legal grounds for the position; (e) copies of any documents the objector wishes to submit in support; (f) the name and address of the attorney(s),

2979430.1 - 8 - [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT 2:16-CV-03157-PSG-JEM

if any, who represent(s) the objector in making the objection or who may be entitled to compensation in connection with the objection; (g) a statement of whether the Class Member objecting intends to appear at the Fairness Hearing, either with or without counsel; (h) the identity of all counsel (if any) who will appear on behalf of the Class Member objecting at the Fairness Hearing and all persons (if any) who will be called to testify in support of the objection; (i) the signature of the Class Member objecting, in addition to the signature of any attorney representing the Class Member objecting in connection with the objection; (j) date of the objection; (k) a list of any other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five years; and (l) if the Class Member or his or her counsel have not made any such prior objections as described in subparagraph (k) above, the Class Member shall affirmatively so state in the written materials provided with the objection.

21.  Any Party filing a brief responding to an objection shall do so no later than fifteen (15) days prior to the Fairness Hearing.

22.  Any Settlement Class Member who does not file a timely written objection to the Settlement, who does not appear at the Fairness Hearing, or who fails to otherwise comply with the requirement of Section X of the Settlement Agreement shall be foreclosed from seeking any adjudication or review of this Settlement by appeal or otherwise.

23.  Any attorney hired by a Settlement Class Member will be hired and compensated at the Settlement Class Member's sole expense for the purpose of objecting to the Settlement Agreement or to the Attorneys' Fees and Expenses.

**D.  Fairness Hearing**

24.  A Fairness Hearing shall be held before this Court at 1:30 p.m. on September 13, 2024, to: (a) determine whether the proposed Settlement should be finally approved as fair, reasonable, and adequate so that the Final Approval Order

and Judgment should be entered; (b) consider any timely objections to this Settlement and the Parties' responses to such objections; (c) rule on any application for Attorneys' Fees and Expenses; (d) rule on any application for Service Awards; and (e) determine whether the Plan of Allocation that will be submitted by Class Counsel should be approved.

25. Any Settlement Class Member who files and serves a written objection shall have the right to appear and be heard at the Fairness Hearing, either personally or through an attorney retained at the Class Member's expense. Any Settlement Class Member who intends to appear at the Fairness Hearing either in person or through counsel must file with the Clerk of Court and provide all counsel listed in paragraph 27, no later than twenty-one (21) days before the Fairness Hearing, a written notice of intention to appear. Failure to file a notice of intention to appear will result in the Court declining to hear the objecting Class Member or the Class Member's counsel at the Fairness Hearing.

26. Class Counsel shall file their applications for Attorneys' Fees and Expenses prior to the Fairness Hearing, in accordance with the terms set forth in Section VII of the Settlement Agreement.

27. Service of all papers on counsel for the Parties shall be made as follows: for Class Counsel, to: A. Barry Cappello, Cappello & Noël LLP, 831 State Street, Santa Barbara, CA 93101, Robert J. Nelson, Esq. at Lieff, Cabraser, Heimann & Bernstein, 275 Battery Street, Suite 2900, San Francisco, CA 94111, and Juli Farris Esq. at Keller Rohrback LLP, 801 Garden Street, Suite 301, Santa Barbara, CA 93101; and for Sable's and PPC's Counsel, to: Jessica Stebbins Bina, Esq. at Latham & Watkins, 10250 Constellation Blvd, Suite 1100, Century City, CA 90067.

28. Any Class Member who does not make an objection in the time and manner provided shall be deemed to have waived such objection and forever shall be foreclosed from making any objection to the fairness or adequacy of the proposed

Settlement, the payment of attorneys' fees and expenses and service awards, the Plan of Allocation, the Final Approval Order, and the Judgment.

29. In the event that the proposed Settlement is not approved by the Court, or in the event that the Settlement Agreement becomes null and void pursuant to its terms, this Order and all Orders entered in connection therewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this Action or in any other case or controversy. In such event, the Settlement Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

30. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class Members. The Fairness Hearing may, from time to time and without further notice to the Class Members, be continued by order of the Court.

31. The following schedule is hereby ordered:

| | |
|---|---|
| Notice to be Completed | **(30 days after Preliminary Approval)** |
| Opt Out Request Deadline | **(45 days after Notice Date)** |
| Motion for Final Approval of Settlement; Motion for Attorneys' Fees and Costs and Service Awards | **(35 days before Fairness Hearing)** |
| Objection Deadline | **(25 days before Fairness Hearing)** |

| Last day to file Replies in support of Motions for Final Approval, Attorneys' Fees and Expenses, and Service Awards | **(15 days before Fairness Hearing)** |
|---|---|
| Fairness Hearing | ~~(at least 90 days after Notice Date)~~ **September 13, 2024** |

IT IS SO ORDERED.

Dated: May 1, 2024

_____
Hon. Philip S. Gutierrez
United States District Judge