HENRY WEISSMANN (State Bar No. 132418)
henry.weissmann@mto.com
DANIEL B. LEVIN (State Bar No. 226044)
daniel.levin@mto.com
ROBYN K. BACON (State Bar No. 251048)
robyn.bacon@mto.com
JORDAN D. SEGALL (State Bar No. 281102)
jordan.segall@mto.com
COLIN A. DEVINE (State Bar No. 315801)
colin.devine@mto.com
MAGGIE THOMPSON (State Bar No. 313898)
maggie.thompson@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702

Attorneys for Defendants
PLAINS ALL AMERICAN PIPELINE, L.P.
and PLAINS PIPELINE, L.P.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GREY FOX, LLC a California limited liability company,<br><br>    Plaintiff,<br><br>    vs.<br><br>PLAINS ALL AMERICAN PIPELINE, L.P., a Delaware limited partnership, PLAINS PIPELINE L.P., a Texas limited partnership,<br><br>    Defendants. | Case No. 2:16-cv-03157-PSG-JEM<br><br>**PLAINS' NOTICE OF MOOTNESS AND REQUEST FOR STATUS CONFERENCE**<br><br>Judge:  Hon. Philip S. Gutierrez<br>Trial Date:  July 11, 2024<br>Pretrial Conference:  June 28, 2024 |

Defendants Plains All American Pipeline, L.P., and Plains Pipeline, L.P., ("Plains"), respectfully submit this Notice of Mootness and Request for Status Conference. In an effort to avoid wasting this Court's time and resources with unnecessary motions in limine and pretrial disputes following the Court's summary judgment ruling, Plains respectfully requests that this Court set a status conference on the soonest available date in advance of the June 28, 2024 final pretrial conference and motion in limine hearing.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On April 22, 2024, Plains filed five motions in limine seeking to exclude evidence bearing on Grey Fox's tort claims and prayer for punitive damages. *See* Dkt. 314–319. On May 21, 2024, this Court granted Plains' motion for partial summary judgment on all of Grey Fox's tort claims and prayer for punitive damages. *See* Dkt. 333. This order disposed of virtually all that remained of the case: the only claim left to be tried is Grey Fox's fourteenth claim for breach of contract. *See* Dkt. 333 at 11. That breach of contract claim alleges that Plains breached the parties' Temporary Property Access and Remediation Agreement (the "Access Agreement"), a contract governing Plains' access to the property to conduct repairs in the wake of the spill. Grey Fox seeks a total of $359,166.74 in damages. SAC [Dkt. 108-1] ¶¶ 280–84. None of the evidence that Plains sought to exclude in its motions in limine bears on the surviving breach of contract claim.

## II.   NOTICE OF MOOTNESS AND REQUEST FOR STATUS CONFERENCE

The parties filed their motions in limine before the Court's summary judgment ruling, when the primary claims in the case were the tort claims. For that reason, Plains' motions in limine sought to exclude evidence bearing on the tort claims: Plains sought to exclude evidence regarding (1) Grey Fox's tort damages,

including the damages opinions of Dr. Randall Bell[1] and evidence of past appraisals of or offers to purchase Grey Fox's property; (2) the impacts of the oil spill beyond Grey Fox's property; (3) Plains' control room activities in Midland, Texas on the day of the spill; and (4) Plains' criminal conviction and unrelated oil spills.[2] *See* Dkts. 314–318. Plains believes these motions in limine should be moot in light of the Court's order granting summary judgment to Plains on the tort claims and prayer for punitive damages. Spending further time briefing and hearing these motions would be a waste of both the Court's and the parties' resources. But Grey Fox's amended witness and exhibit lists following the summary judgment ruling continue to include evidence subject to these motions, including testimony and documents relating to appraisals of Lot X, the impact of the spill beyond Grey Fox's property, and Plains' control room activities.

In addition to the evidence subject to Plains' motions in limine, Grey Fox's amended witness list includes multiple Plains employees who were involved in integrity management or operations, none of whom were involved in or have personal knowledge of the remediation of Grey Fox's property, the Access Agreement, or the parties' dispute under that agreement. Grey Fox also *added* a new witness, identified only as "Person Most Knowledgeable from Pacific Pipeline Company." Pacific Pipeline Company purchased the Line 901 and Line 903 pipelines from Plains on October 13, 2022, and had no involvement whatsoever in the negotiation or performance of the Access Agreement in 2015. Grey Fox's

---

[1] Grey Fox's June 6, 2024, amended witness list removed Dr. Bell. Therefore, the portion of Plains' motion in limine No. 1 seeking to exclude Dr. Bell's testimony is moot. However, Grey Fox's amended exhibit list still includes documents subject to this motion, including appraisals of Grey Fox's property.

[2] Plains also filed a motion in limine no. 5 to exclude the testimony of two Grey Fox fact witnesses who were not disclosed in Grey Fox's disclosures. Dkt. 319. Grey Fox's amended witness list removed these witnesses, so this motion is now moot.

addition of this undisclosed and unnamed Pacific Pipeline Company witness is improper. Grey Fox's amended exhibit list likewise includes dozens of documents relating to the integrity of Plains' pipeline, an issue that has no bearing on whether Plains failed to fully compensate Grey Fox under the Access Agreement. It is not clear whether Grey Fox intends to try to nullify the Court's summary judgment order or whether Grey Fox has promulgated these improper witnesses and exhibits to obfuscate the strategy it intends to pursue at trial. Either way, Grey Fox's conduct is improper.

Plains believes it would be productive to hold a status conference in advance of the June 28, 2024 final pretrial conference and motions in limine hearing to discuss whether any of the parties' motions in limine are still at issue, as well as to discuss the scope and length of trial that properly reflects the summary judgment order, all with the goal of minimizing the burden the Court faces in ruling on motions in limine and reviewing objections. Plains respectfully requests that the Court set a status conference for the soonest convenient date in advance of June 28, 2024.

DATED: June 7, 2024               MUNGER, TOLLES & OLSON LLP


By:  */s/ Jordan D. Segall*
JORDAN D. SEGALL
Attorneys for Defendants
PLAINS ALL AMERICAN PIPELINE, L.P. and PLAINS PIPELINE, L.P.